IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Patrick Gahan, #62068-018, ) | |
| ) | C/A No. 1:18-1380-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Ronald M. Stella and David Kleinpaste, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Charles Patrick Gahan is an inmate in custody of the Federal Bureau of Prisons. He currently is incarcerated at Edgefield Federal Camp in Edgefield, South Carolina. On June 12, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed a complaint pursuant to Bevins v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), alleging that Defendants Assistant United States Attorney Ronald M. Stella and Federal Bureau of Investigation Special Agent David Kleinpaste violated his constitutional rights. Specifically, Plaintiff argues that he is being confined illegally because the charges submitted by Defendants in court documents were false, his guilty plea was coerced, and Defendants withheld discovery. Plaintiff seeks damages, immediate release from prison, and access to discovery documents. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915. On June 12, 2018, the Magistrate Judge issued a Report and Recommendation in which she observed that (1) Plaintiff's claim for release from confinement is unavailable in a civil rights action; (2) his claim for damages is barred by Heck v. Humphrey, 512, U.S. 477 (1994) (barring damages unless the plaintiff

can show the conviction has been invalidated); and (3) Defendant Stella is entitled to prosecutorial immunity. The Magistrate Judge recommended that Plaintiff's complaint be summarily dismissed without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. The within complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 10, 2018

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**